(70 South. 56)

No. 21431.

STATE v. TAYLOR.

(Nov. 2, 1915.)

*(Syllabus by the Court.)*

CRIMINAL LAW &wkey;1156 — APPEAL — DISCRETIONARY RULING—DENIAL OF NEW TRIAL.

"The judge of the district court is vested with wide discretion in the matter of granting or refusing a new trial in a criminal case upon the ground of newly discovered evidence, and this court will not reverse his ruling, unless it appears that such discretion has been abused and the prejudicial error resulting therefrom is made clear."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3067–3071; Dec. Dig. &wkey; 1156.]

Appeal from Criminal District Court, Parish of Orleans; J. G. Baker, Judge.

Frank Taylor was convicted of murder, and appeals. Affirmed.

Ulic J. Burke, of New Orleans, for appellant. R. G. Pleasant, Atty. Gen. (Chandler C. Luzenberg, Dist. Atty., B. J. Daly, Asst. Dist. Atty., and G. A. Gondran, all of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Defendant appeals from a verdict of guilty of murder, and a sentence of life imprisonment in the penitentiary.

The overruling of a motion for a new trial, based on the ground of newly discovered evidence, is the only matter before the court for consideration. The evidence taken on the trial of the motion has been made part of the bill of exceptions, and after a careful examination of the record the action of the trial judge in the matter is approved.

Nancy Brown is the name of the first alleged new witness. She resided in the immediate vicinity of where the homicide took place, and no sufficient reason is suggested by the evidence as to why, with ordinary diligence, she could not have been found, and what she might have testified to could not have been ascertained, before the trial of the cause.

Besides, her testimony is contradictory and evasive, and could not serve the defendant, if introduced in evidence on the trial. For instance, she testified very positively that she did not know the defendant. Her testimony, therefore, would have been of small assistance to the defendant in proving the alibi urged by him on the trial. She further testified that she had never seen the defendant but one time, and that was on the Friday preceding the day she was testifying in court, April 30, 1915; whereas, in the affidavit attached to the motion for a new trial, made by the counsel for the defendant on March 23, 1915, he said in effect that:

"The day on which Lee Martin was killed that she [Nancy Brown] was present and saw the affray, and will swear that Frank Taylor, the defendant, was not present at the time, that he was not the man who did the cutting, but that it was a dark man."

She had evidently informed counsel that she had seen the defendant prior to March 23d. In another place in her testimony the witness states that she had never seen the defendant until the day she was testifying in court, although her affidavit, like that of the counsel for the defendant, attached to the motion for a new trial, of date March 23d, says that:

"I will testify that Frank Taylor was not present at the time of the affray and did not cut Lee Martin."

John Joseph, another witness, residing in the same neighborhood, testified, as did Nancy Brown, that he had never seen the defendant until the Friday before he was testifying; yet in his affidavit, and in that of his counsel, he says:

"I was present on the morning of August 2, 1914, the day which Lee Martin was killed, and saw the trouble; and I will swear that Frank Taylor was not present at the time of the affray, and did not cut Lee Martin."

Olivier Temple was the third witness examined on the trial of the motion for a new

trial. She, like the other two witnesses, was a colored resident of the immediate vicinity in which the cutting took place. She testifies that she was standing in her gateway, and saw everybody and everything; but that she did not tell any one what she saw, because her husband had told her not to do so. She knew the defendant, having met him once, in the previous summer. She knew the brother-in-law of the defendant, who was arrested with defendant for his part in the killing. If she was present, defendant's brother-in-law and the other witnesses on the trial, both for the state and the defendant, must have known it, and with due diligence it is quite clear that the defendant might have obtained her testimony. She admits that she did not obey her husband, but that she had told all she knew to several in the neighborhood; she contradicts herself in many particulars, and she is not worthy of belief.

The trial judge saw and heard these three witnesses, and evidently came to the conclusion that due diligence had not been used on the part of the defendant in securing their presence at the trial of the case, and that the evidence was not so material as to produce a different result on a new trial. His ruling is fully sustained by the evidence, and it will not be disturbed. State v. Edwards, 135 La. 531, 65 South. 634.

Judgment affirmed.